UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIJANA CORNELIUS | : | |
| | : | CASE NO. |
| **Plaintiff** | : | |
| v. | : | 3:20-cv-01047 (AVC) |
| | : | |
| | : | |
| JOSE LUNA, ET AL. | : | |
| | : | OCTOBER 2, 2020 |
| **Defendants** | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES OF THE TO PLAINTIFF'S COMPLAINT

1. To the extent that paragraph 1 sets forth a summary of the nature of the plaintiff's claim, it does not require a response, however, to the extent that said paragraph contains any allegations, they are denied.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. So much of Paragraph 4 as alleges that Defendants Luna, Pressley, Howze and Curry were present in the room is admitted. To the extent that the paragraph is alleging, by the use of the term "armed," that they had firearms or Tasers on their person, it is denied. These defendants were authorized to have on their person oleoresin capsicum spray and an expandable baton, so if this is what is meant by the terms "armed" and/or "utility belt" this would be admitted, but denied in all other respects. As to Defendant Bright, the prisoner conveyance van driver, based on information and belief, he admits that he took the plaintiff to One Union Avenue and escorted him into the facility, and that he may have remained on scene for a period of time after that, though he did not have any further involvement with the plaintiff.

5. So much of Paragraph 5 as alleges that the plaintiff was unarmed is admitted, and, based upon information and belief, it would also be admitted that he would have been "frisked" incident to his arrest, however, as to the remaining portion of this paragraph, if it is alleging that he was being complaint with the instructions of Defendant Howze, it is denied.

6. Paragraph 6, based upon information and belief, is denied.

7. As to Paragraph 7, the defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

8. As to that portion of Paragraph 8 as alleges that the plaintiff was taken to floor, it is admitted; however, it is denied that he was violently thrown to the floor.

9. So much of Paragraph 9 as alleges that the plaintiff was lifted from the floor is admitted, it is denied that he was lifted by his handcuffs, and, as to the remaining portion of this paragraph, the defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

10. Paragraph 10 is denied.

11. As to paragraph 11, the defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

## **AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE (Federal Constitutional Claim)**

1. At all relevant times, the defendants were government employees whose actions were discretionary, and additionally, one or both of the following would apply:

    (a) the defendants' actions did not violate any of the plaintiff's clearly established rights under the Constitution and laws of the United States;

    (b) it was objectively reasonable for the defendants to believe that their actions were lawful.

2. The defendants are entitled to qualified immunity from suit for the actions alleged.

**SECOND AFFIRMATIVE DEFENSE (State Constitutional Claim)**

1. At all relevant times set forth in the Complaint, the defendants were municipal employees who were acting in the course and scope of their employment.

2. At all relevant times set forth in the Complaint, the actions undertaken by the defendants were governmental in nature and required the exercise of judgment and discretion on the part of the defendants.

3. As a result, the defendants, pursuant to the doctrine of qualified immunity under Connecticut law, are immune from liability on the State Constitutional claim set forth against them in the Complaint.

|  |  |
|---|---|
|  | THE DEFENDANTS,<br>JOSE LUNA, RONALD PRESSLEY,<br>CLAYTON HOWZE, RAY BRIGHT AND<br>NIKKI CURRY |
| BY: | /s/ *Michael A. Wolak, III*<br>Michael A. Wolak, III<br>Assistant Corporation Counsel<br>City of New Haven<br>Office of Corporation Counsel<br>165 Church Street<br>New Haven, CT 06510<br>Tel. #: (203)946-7970<br>Fax #: (203) 946-7942<br>E-mail: mwolak@newhavenct.gov<br>Fed. Bar #ct12681<br>Their Attorney |

## **CERTIFICATION**

I hereby certify that on October 2, 2020, the Answer and Affirmative Defenses of the Defendants to Plaintiff's Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ *Michael A. Wolak, III*
Michael A. Wolak, III