### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIJANA CORNELIUS | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:20-CV-01047 (JCH) |
| v. | : | |
| | : | |
| JOSE LUNA, RONALD PRESSLEY | : | |
| CLAYTON HOWZE, RAY BRIGHT, | : | |
| and NIKKI CURRY, | : | FEBRUARY 7, 2023 |
| Defendants. | : | |

### RULING ON MOTION TO AMEND THE COMPLAINT
### (DOC. NO 52)

## I.      INTRODUCTION

Plaintiff, Kijana Cornelius ("Cornelius"), brings this lawsuit against New Haven, Connecticut, Police Officers Jose Luna ("Luna"), Ronald Pressley ("Pressley"), Clayton Howze ("Howze"), Ray Bright ("Bright"), and Nikki Curry ("Curry"), alleging deprivation of Cornelius' state and federal constitutional rights following his April 2018 arrest. Cornelius asserts that while he was in police custody, defendants Curry, Howze, and Pressley used excessive force against him while Luna and Bright stood by and failed to intervene.

Now before the court is Cornelius' Motion to Amend the Complaint ("Mot. to Amend") (Doc. No. 52), which the defendants oppose.  See Defendants' Objection to Motion to Amend the Complaint ("Defs.' Obj.") (Doc. No. 54).  For the reasons explained below, the Motion is granted in part and denied in part.

1

## II.    BACKGROUND

On July 23, 2020, Cornelius filed this action against the defendants.  See Complaint (Doc. No. 1).  His Complaint asserts that, on April 22, 2018, Curry, Howze, and Pressley violently threw him—face first—to the floor, and then picked him back up by his handcuffs.  Id. ¶¶ 8–9.  As a result of this incident, Cornelius identified a litany of physical injuries he sustained as well as "pain and suffering, mental distress, and anxiety" that ensued.  Id. ¶ 10.

Although the Complaint does not delineate separate counts, Cornelius contends that Curry, Howze, and Pressley used excessive force in violation of the Fourth Amendment to the United States Constitution and Article First, section 7 of the Connecticut Constitution.  Id. ¶ 12.  Cornelius also avers that Luna and Bright "failed to intervene to prevent Cornelius from being assaulted."  Id. ¶ 13.  While no legal source was cited as the basis for this claim, it can reasonably be construed as another violation of Cornelius' Fourth Amendment rights.  The Complaint concludes by alleging that the defendants "acted in concert to deprive Kijana Cornelius of the rights, privileges[,] and immunities secured to him by Title 42 of the United States Code, Sections 1981, 1983 and 1988."  Id. ¶ 14.

Now, nearly five years after the alleged assault occurred, Cornelius—through new counsel—moves to amend the Complaint.  See Mot. to Amend; Plaintiff's Memorandum of Law in Support of Motion to Amend the Complaint ("Pl.'s Mem.") (Doc. No. 52–1).  In particular, Cornelius seeks to separate the existing claims into distinct counts and to add claims for intentional and negligent infliction of emotional distress under Connecticut law.  See Mot. to Amend at 1.  He is also moving to add a new

defendant—the City of New Haven, Connecticut—and a new federal claim— a section 1983 Monell claim alleging a pattern or practice of excessive force.  See Proposed Amended Complaint ¶¶ 5, 20–23 (Doc. No. 52–2).  The defendants object to Cornelius' Motion.  See Defs.' Obj.

### III.   LEGAL STANDARD

A plaintiff may amend his complaint once as a matter of right within twenty-one days after service of the complaint or within twenty-one days after service of a responsive pleading (i.e., an answer or a motion to dismiss), whichever is earlier.  See Fed. R. Civ. P. 15(a)(1)(A) and (B); Gaughan v. Rubenstein, 261 F. Supp. 3d 390, 399 (S.D.N.Y. 2017).  In all other cases, a plaintiff may amend a complaint only with the court's leave.  See Fed. R. Civ. P. 15(a)(2).  The court's permission to amend a complaint "shall be freely given when justice so requires."  Id.  It is generally appropriate to grant a motion to amend unless there is an "apparent or declared" reason not to, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).

An amendment proposing a new claim may be futile for several reasons, including "if it is time-barred by an applicable statute of limitations."  Fraser v. Caribe, 2022 WL 1210720, at *3 (D. Conn. Apr. 25, 2022).  However, an amendment to the complaint can overcome this barrier if it relates back, meaning that it arises "out of the conduct, transaction or occurrence set out . . . in the original pleading. . . ."  Fed. R. Civ. P. 15(c)(1)(B).  The "central inquiry" under Rule 15 "is whether adequate notice of the

3

matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." Stevelman v. Alias Rsch. Inc., 174 F.3d 79, 86 (2d Cir. 1999) (quotation and citation omitted).  "For a newly added action to relate back, the basic claim must have arisen out of the conduct set forth in the original pleading."  Slayton v. Am. Express Co., 460 F.3d 215, 228 (2d Cir. 2006) (quotation and citation omitted).  This means that, even when an amendment "tracks the legal theory of the first complaint, claims that are based on an entirely distinct set of factual allegations will not relate back."  Id. (quotation and citation omitted); see also Pruiss v. Bosse, 912 F. Supp. 104, 106 (S.D.N.Y. 1996) ("An amendment will not relate back if it sets forth a new set of operational facts; it can only make more specific what has already been alleged.").

## IV.   DISCUSSION

The defendants do not appear to object to Cornelius' Motion to Amend to the extent that it seeks to separate existing claims into discrete counts.  In the absence of an "apparent or declared" reason not to, the court grants the Motion to Amend on this basis.

The court will now proceed by discussing the claims—and party—Cornelius seeks to add, moving count by count before addressing a global challenge to the proposed amendments.[1]

---

[1] The court's analysis will not address Counts Three and Four because they merely set forth originally pled claims into distinct counts.

a.  Count One: <u>Monell</u> Claim for Pattern or Practice of Excessive Force

Cornelius posits that the City of New Haven can be added as a party under the relation back theory in light of the fact that "it is a party under the Connecticut doctrine of respondeat superior as the employer of the five named City police officers who are sued in their official capacities. . . ."  Mot. to Amend at 1.  The defendants counter that section 1983 "does not authorize respondeat superior liability", Defs.' Obj. at 4, and that the plaintiff has not satisfied the mandatory conditions to add a new party after the statute of limitations for the claim has expired, Defs.' Obj. at 11–12.

It is well established that "a municipality is not liable under a theory of respondeat superior for the unconstitutional actions of its employees; instead, a municipality may be liable only if an officer's violation of a plaintiff's constitutional rights was caused by a municipal policy, practice, or custom, or if it was caused by a municipality's deliberate indifference and inaction in light of a history of prior similar constitutional deprivations by municipal officers."  <u>Milner v. City of Bristol</u>, 2019 WL 3945525, at *4 (D. Conn. Aug. 21, 2019) (citing <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Outlaw v. City of Hartford</u>, 884 F.3d 351, 372 (2d Cir. 2018)).  Accordingly, the respondeat superior theory is inapplicable to Cornelius' section 1983 claim, and the City of New Haven would be a new party to the Complaint.

For an amendment adding a new party to relate back, the Second Circuit has interpreted Federal Rule 15(c)(1)(C) to require that the following conditions be met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of

5

the original complaint, and . . . the original complaint [was] filed within the limitations period.

Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (quotations and citations omitted). Although the exact scope of the first requirement—that the claim arose out of conduct set out in the original complaint—is "vaguely defined in case law, new legal claims generally relate back if they are based on the facts set out in the original complaint." Jefferies v. BCI Burke Co., LLC, 2018 WL 529955, at *3 (D. Conn. Jan. 24, 2018).

Here, Cornelius fails to satisfy the first and the third mandatory conditions. The claim does not arise out of the original pleading because the Complaint makes no reference to any "municipal policy, practice, or custom" that may have caused the constitutional violation, nor does it allude—even obliquely—to a "history of prior similar constitutional deprivations by municipal officers", as required for a Monell claim. Milner, 2019 WL 3945525, at *4. Instead, the Complaint details only the incident on April 28, 2022, in the context of the individual officers. See Compl. ¶¶ 1–14. Put simply, there are no facts set out in the original Complaint on which to base a Monell claim. Moreover, there is no indication that there was a mistake of identity that led to the failure to name the City that employed the officers as a defendant.

Thus, the Motion to Amend the Complaint is denied with respect to the addition New Haven as a defendant and the assertion of a Monell claim.

b.  Count Two: Section 1981 Claim

The defendants argue that Cornelius' section 1981 claim cannot relate back because "there are no allegations whatsoever in the original complaint that gave the defendants fair notice of the newly alleged equal protection claim." Defs.' Obj. at 9. However, the original Complaint explicitly stated that the defendants deprived Cornelius

of his rights in violation of section 1981.  See Compl. ¶¶ 1, 14.  Count Two of the

proposed Amended Complaint mirrors the original by alleging a violation of rights under

section 1981.  See Proposed Amended Complaint ¶¶ 24–26.  Thus, the amendments

do not allege a new claim.  Instead, they "render[ ] prior allegations more definite and

precise," so "relation back occurs."  Slayton, 460 F.3d at 228.

Accordingly, Cornelius' Motion to Amend the Complaint is granted with respect to

Count Two.

c.  Counts Five and Six: Negligent and Intentional Infliction of Emotional Distress

Cornelius asserts that he should be able to amend the Complaint to add Counts

Five and Six because the new claims relate back.  See Mot. to Amend at 1.  The

defendants contend that these Counts cannot relate back as there are no allegations in

the original Complaint that gave them fair notice of the newly alleged emotional distress

claims.  See Defs.' Obj. at 7–9.

The new claims clearly arise out of the same factual allegations and conduct

alleged in the original pleading.  The emotional distress described in Counts Five and

Six was not only caused by the alleged assault outlined in the Complaint, but the initial

pleading plainly contemplates this injury:

> As a result of being grabbed and violently thrown to the ground and then lifted
> from the floor by the handcuffs, the plaintiff, Kijana Cornelius sustained severe,
> painful and permanent injuries consisting of a shock to his nervous system, a
> displaced scaphoid waist fracture of the right wrist, facial abrasions, abrasion to
> the left nasal bridge, abrasion to the left scalp. Those injuries have caused him
> and will cause him pain and suffering, mental distress, and anxiety, and have
> caused him and will cause him to limit his activities.

Compl. ¶ 10 (emphasis added).  Accordingly, the court concludes that the defendants

had adequate notice of the matters raised in the amended pleading because they were

based on the facts set out in the original Complaint.  Therefore, Cornelius' Motion to Amend is granted as to Counts Five and Six.

    d.  Amendments Will Not Result in Undue Delay or Prejudice

    Lastly, the defendants offer a global challenge to the proposed amendments by suggesting that the changes will result in undue delay and prejudice.  See Defs.' Obj. at 12.  The Second Circuit has recognized that "[d]elay alone unaccompanied by . . .  a 'declared reason' does not usually warrant denial of leave to amend."  Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234–35 (2d Cir. 1995); see also Middle Atl. Utils. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 384 (2d Cir. 1968) (concluding that a three-year delay from filing of the original pleading was "an inadequate basis for denying a motion to amend" because "unless the motion either was made in bad faith or will prejudice defendant, delay by itself is not enough to deny the requisite relief").  However, a court may find that "undue prejudice exists when extensive additional discovery would be required, when further proceedings would be delayed significantly, or where an imminent danger exists that the moving party seeks to force a favorable settlement by abusive use of the discovery process."  Boahen v. Trifletti, 2019 WL 1620413, at *2 (D. Conn. Apr. 16, 2019) (quotations and citation omitted).

    Even though the case at bar is already more than two years old and far along in discovery, the court does not believe that the amendments approved of in this Ruling will require extensive disclosures or significant delays.  Given that the only changes permitted arose out of the governing Complaint, the court remains confident that this case can proceed expeditiously.

**V.      CONCLUSION**

For the reasons stated above, the Motion to Amend the Complaint (Doc. No. 52) is granted in part and denied in part.  The Motion is denied with respect to the new party and new federal claim in Count One, but is otherwise granted.  Cornelius must file an Amended Complaint consistent with this Ruling within 21 days.

**SO ORDERED.**

Dated at New Haven, Connecticut this 7th day of February 2023.


 /s/  Janet C. Hall
Janet C. Hall
United States District Judge