## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------ x
                                                       :
KIJANA CORNELIUS,                                      :        NO. 3:20-CV-1047(JCH)
Plaintiff,                                             :
                                                       :
V.                                                     :
                                                       :
JOSE LUNA, et al.,                                     :
Defendants.                                            :
                                                       :        DATE: April 25, 2023
                                                       :
------------------------------------------------------ x
```

## RULING AND ORDER ON DEFENDANTS' MOTION TO LIMIT DEPOSITIONS

Defendants Jose Luna, Ronald Pressley, Clayton Howze, Ray Bright, and Nikki Curry (together, the "defendants") move pursuant to Fed. R. Civ. P. 30(d)(3)(A) ("Rule 30(d)(3)(A)" or the "Rule") to "limit[] the depositions of the defendant officers and any City officials forbidding inquiry as to civilian complaints, internal affairs investigations and discipline of New Haven Police Department officers."  (Doc. No. 71 at 3) ("Defs' Mot.").  For the reasons discussed below, the motion is **DENIED.**

## I.        Background and Procedural History

The following is taken from the plaintiff's third amended Complaint.  ("TAC").  This is an excessive use of force case brought under § 1983 and §1981.[1]  The plaintiff (who is Black) alleges that five defendant New Haven Police Department ("NHPD") officers used excessive force on him while he was in their custody on April 22, 2018, after he had been arrested for breach of peace and transferred to the station house processing room.  TAC ¶ 7, 28.  Three of the defendant officers allegedly took part in cuffing the plaintiff, throwing him on the floor, then raising him by the cuffs

---

[1] The plaintiff also brings state law claims arising out of the same conduct.  *See* TAC ¶¶ 31-36.

and dropping him while two other defendant officers looked on "passively" and did not intervene. *See* TAC ¶¶ 13-17.   The case has since proceeded into discovery.

On April 4, 2022, during a deposition of one of the defendant officers, plaintiff's counsel began "inquiring as to the other civilian complaints, internal affairs investigations and discipline of the officer." (Defs' Mot. at 1-2).   The deposition did not continue further as "defense counsel indicated that he would be filing a motion to limit the deposition to forbid inquiry into these topics."  (*Id.*).   On April 13, 2023, the defendants filed the instant motion to limit depositions. (Doc. No. 71).   On April 15, 2023, the plaintiff filed an objection.  (Doc. No. 77) ("Pl's Opp.").  On April 24, 2023, the Court held a hearing on the motion and other discovery issues.  (Doc. No. 83).

## II.   Discussion

Despite being styled as motion to limit the deposition testimony, the defendants' sparse motion raises the additional issue of the relevance of the information sought by the plaintiff.  As relevance is a threshold issue to discoverability, the Court addresses this contention first.

### A.   Relevance

The defendants maintain that "[o]ther civilian complaints, internal affairs investigations and discipline of an officer have no bearing whatsoever on these claims, and therefore, will not lead to the discovery of admissible evidence." (Defs' Mot. at 3).  This is incorrect.

Fed. R. Civ. P. 26(b)(1) ("Rule 26") provides that "[p]arties may obtain discovery regarding *any* nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable."   Relevancy is construed broadly.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978) (relevance under Rule

26 is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"); *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (citation and quotation marks omitted) (the term "reasonably calculated" means "*any possibility* that the information sought may be relevant to the subject matter of the action") (emphasis in original).

This principle is even more expansive in the context of civil rights litigation under § 1983. *Alberty v. Hunter*, 343 F.R.D. 1, 15 (D. Conn. 2022) (RMS) (quoting *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) ("There are 'important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983.'"); *Jackson v. Monin*, No. 13-CV-00004-RJA-JJM, 2015 WL 5714243, at *3 (W.D.N.Y. Sept. 29, 2015) (citation omitted) ("Actions alleging violations of § 1983 require especially generous discovery.").

The Federal Rules of Evidence allow "other act" evidence where such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."   Fed. R. Evid. 404(b)(2). Importantly here, courts in the Second Circuit – including this one – have allowed discovery into complaints of misconduct, disciplinary records and history, and investigative proceedings regarding defendant officers in § 1983 cases because this information may ultimately be admissible under Rule 404(b)(2).   As one court has explained,

> The plaintiff asserts that [the defendants' internal disciplinary] records are discoverable under four theories of relevance: (i) to prove intent; (ii) to impeach the defendants' credibility; (iii) to support an award of punitive damages; and (iv) to prove municipal liability under *Monell* . . . . As to the first theory, instances of prior misconduct may be offered at trial to prove intent if the misconduct constitutes similar act evidence. *See, e.g., Ismail v. Cohen*, 899 F.2d 183, 188–89 (2d Cir.1990). Thus, CCRB and IAB records concerning allegations of false arrest and excessive force by the defendants could lead to evidence admissible at trial, and are

> therefore discoverable. That the allegations may not have been substantiated in those tribunals does not protect the records from discovery. Of course, the mere allegations in those records would not be admissible at trial. But the plaintiff should be given an opportunity to seek out the witnesses to the other allegations of misconduct and produce them at trial if they have evidence that would tend to prove the defendants' intent.

*Pacheco v. City of New York*, 234 F.R.D. 53, 54–55 (E.D.N.Y. 2006); *accord Frails v. City of New York*, 236 F.R.D. 116, 117 (E.D.N.Y. 2006); *Alberty v. Hunter*, 343 F.R.D. at 17.

   However, courts in this Circuit have also been equally clear that the relevancy of such records and, by connection, any inquiry into prior misconduct, only extends to cover "*conduct similar to the conduct alleged in the complain*t." *Gibbs v. City of New York*, No. 06 Civ. 5112 (ILG) (VVP), 2008 WL 314358, at *1 (E.D.N.Y. Feb. 4, 2008) (emphasis added) (explaining the longstanding "'prevailing practice' of courts throughout the Second Circuit is to 'limit discovery of a defendant's disciplinary history to complaints, whether substantiated or not, about conduct similar to the conduct alleged in the complaint.'"); *accord Session v. Rodriguez*, No. 3:03CV0943 (AWT), 2008 WL 2338123, at *2 (D. Conn. June 4, 2008); *Saavedra v. City of New York*, No. 19 CIV. 7491 (JPC), 2021 WL 104057, at *1 (S.D.N.Y. Jan. 12, 2021).  *See Frails v. City of New York*, 236 F.R.D. 116, 117 (E.D.N.Y. 2006) ("Accordingly, defendants are hereby ordered to produce all CCRB, IAB, and NYPD records of both substantiated and unsubstantiated complaints of misconduct against the defendant police officers of a *similar nature* to the claims in the complaint.") (emphasis added) (collecting cases); *Alberty*, 343 F.R.D. at 17 (collecting more cases).  Thus, inquiries at a deposition into a defendant's potential misconduct as alleged in the TAC – *i.e.*, conduct involving excessive force – are relevant here.  *See Jackson v. Monin*, No. 13-CV-00004-RJA-JJM, 2015 WL 5714243, at *3 (W.D.N.Y. Sept. 29, 2015) ("Prior civilian complaints made against the defendants and incidents of excessive force by individual defendants are clearly discoverable in § 1983").

4

### B.      Bad Faith and Unreasonable Annoyance, Embarrassment, or Oppression[2]

Rule 30(d)(3)(A) prescribes the four possible circumstances under which a deposition

may be limited or terminated based on conduct occurring at a live deposition:

> At any time during a deposition, the deponent or a party may move to terminate or
> limit it on the ground that it is being conducted in [1] bad faith *or* in a manner that
> *unreasonably* [2] annoys, [3] embarrasses, or [4] oppresses the deponent or party.
> The motion may be filed in the court where the action is pending or the deposition
> is being taken. If the objecting deponent or party so demands, the deposition must
> be suspended for the time necessary to obtain an order.

*Id.*

"Rule 30 clearly places the making of protective orders within the discretion of the trial

court." *Garland v. Torre*, 259 F.2d 545, 550 (2d Cir. 1958). "To obtain a protective order under

Rule 30(d), the moving party has the burden of proving that the examination was being conducted

in bad faith or in such a manner as to unreasonably annoy, embarrass, or oppress the deponent or

a party." *Mirlis*, 249 F. Supp. 3d at 615 n.9 (citation omitted). "A lawyer who believes that his

opponent's question is so oppressive as to require judicial intervention *needs to clarify the record

to the greatest extent possible* so that the court, which has not attended the deposition and has not

observed its atmosphere, can reach an informed conclusion." *Id.* (citation omitted) (emphasis

added). "Although the issuance of an order terminating a deposition is within the discretion of the

court, the power to limit or halt depositions is sparingly used." *Main St. Am. Assurance Co. v.

Savalle*, No. 3:18CV02073(JCH), 2019 WL 4744932, at *4 (D. Conn. Sept. 30, 2019).

The defendant's motion to limit fails for several reasons. First, neither in their motion nor

at the hearing did defendants allege any bad faith as to plaintiff's counsel's conduct at the

deposition. Rather, the defendants' claim that the "type of information" sought by plaintiffs – *i.e.,*

---

[2] The parties do not assert any issues or privilege or enforcement of a court order here. *See* Fed. R. Civ. P. 30(c)(2).

5

information about discipline, complaints, investigations – "is highly sensitive and personal to law enforcement officials, and therefore, the disclosure of this information would annoy, embarrass and/or oppress the deponent or party." (Def's Mot. at 3). This misapprehends both the substance and the standard required by the Rule. The fact that the information is "sensitive" and/or "personal" to the party or deponent is not a cognizable ground to limit a deposition.

Second, even assuming that the matters inquired to "would annoy, embarrass and/or oppress" the defendants, (Defs' Mot. at 3), the defendants have not shown how such matters would do so "*unreasonably*." Rule 30(d)(3)(A) (emphasis added). The defendants have produced no record of the depositions or provided any factual substance in their motion or clarification at the hearing addressing this issue. Rather, the substance of the hearing primarily concerned the issue of relevance discussed above. Accordingly, the motion must be **DENIED**. *See Mirlis,* 249 F. Supp. 3d at 614 (denying a Rule 30(d)(3) motion on the grounds that "the record before the court is simply too anemic."). As discussed and agreed at the hearing on April 24, 2023, the plaintiff's inquiry at the depositions of the defendants will be limited to other acts of misconduct that are similar to the excessive force claim in this case.

The Court briefly addresses two more issues, one substantive and one procedural. First, the parties themselves agreed at the hearing that inquiries into the defendants' truthfulness would also be relevant. This is supported by caselaw as well, which allows for inquiries where the conduct at issue involves "some element of dishonesty." *Saavedra v. City of New York*, No. 19 CIV. 7491 (JPC), 2021 WL 104057, at *1-2 (S.D.N.Y. Jan. 12, 2021) (collecting cases); *Alberty*, 343 F.R.D. at 17.

Second, now that Court has ruled on the scope of relevancy and denied this motion under Rule 30, if, during a deposition, either party's counsel treads into area believed to be irrelevant or

otherwise objectionable, the Court reiterates that "[i]t is improper to instruct a witness not to answer a question on the basis of relevancy" alone or otherwise halt a deposition on relevancy grounds. *Mirlis*, 249 F. Supp. 3d at 614 (quoting 7 James Wm. Moore et al., Moore's Federal Practice 130–88 (3d ed. 2016)) (internal quotation marks omitted). "[I]f there is an objection to the question on such grounds, the court reporter should note the objection but the examination should proceed." *Id.* (quoting *Baines v. City of N.Y.*, No. 10CV9545, 2016 WL 3042787, at *3 (S.D.N.Y. May 27, 2016)). *See* Fed. R. Civ. P. 30(c)(2) ("An objection at the time of the examination--whether to evidence, to a party's conduct, . . . to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."). "A person may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2) (emphasis added).

## III.    Conclusion

For the reasons set forth above, the defendants' Motion to Limit Depositions (Doc. No. 71) is **DENIED**.


DATED:    April 25, 2023                         /s/   Robert M. Spector
          New Haven, Connecticut                 Hon. Robert M. Spector
                                                 United States Magistrate Judge