UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIJANA CORNELIUS,<br>    Plaintiff, | : | CIVIL CASE NO.<br>3:20-CV-01047 (JCH) |
| v. | : | |
| JOSE LUNA,<br>RONALD PRESSLEY,<br>CLAYTON HOWZE,<br>RAY BRIGHT, and<br>NIKKI CURRY,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>: | MARCH 6, 2024 |

**RULING ON PLAINTIFF'S MOTION TO AMEND (DOC. NO. 133)**

Plaintiff Kijana Cornelius ("Cornelius") brings this action against Jose Luna, Ronald Pressley, Clayton Howze, Ray Bright, and Nikki Curry (hereinafter "the defendants"), under Sections 1981 and 1983 of title 42 of the United States Code and Connecticut state law. See Amended Complaint ("Am. Compl.") (Doc. No. 65). Cornelius alleges that the defendants, all of whom are law enforcement officers of the New Haven Police Department, used excessive force against him, in violation of federal and state law. See id.

On January 17, 2024, the defendants filed a Motion for Summary Judgment. See Defendants' Motion for Summary Judgment (Doc. No. 132). Thirteen days later, on January 30, 2024, the plaintiff filed a Fourth Motion to Amend his Complaint. See Fourth Motion to File a Third Amended Complaint ("Mot. to Amend") (Doc. No. 133). In the Motion, the plaintiff requests this court's leave to (1) add new factual allegations and (2) delete a count from the Complaint. See Mot. to Amend at 1; Proposed Third Amended Complaint ("Proposed Am. Compl.") (Doc. No. 133-2). The defendants

1

oppose the Motion.  See Defendants' Objection to Request to Amend Complaint (Doc. No. 137).  For the reasons set forth below, the Motion is denied.

A plaintiff may amend his or her complaint once as a matter of right within twenty-one days after service of the complaint or within twenty-one days after service of a responsive pleading, whichever is earlier.  See Fed. R. Civ. P. 15(a)(1)(A)-(B); Gaughan v. Rubenstein, 261 F. Supp. 3d 390, 399 (S.D.N.Y. 2017).  In all other cases, a plaintiff may amend a complaint only with the leave of the court.  See Fed. R. Civ. P. 15(a)(2).  The court's permission to amend a complaint "shall be freely given when justice so requires."  Id.  It is generally appropriate to grant a motion to amend unless there is an "apparent or declared" reason not to, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).  However, if leave to amend is sought after the deadline imposed by the court's scheduling order, Rule 15's permissive, "freely give[n]" standard governing amendments gives way to Rule 16's more onerous "good cause" standard to modify a scheduling order.  See Sacerdote v. N.Y. Univ., 9 F.4th 95, 115 (2d Cir. 2021).  "[A] finding of 'good cause' depends on the diligence of the moving party."  Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).

Here, the plaintiff has made no effort to demonstrate to this court that good cause exists to amend his Complaint at this relatively late stage of the litigation, over three years after the deadline to amend the pleadings.  See Order on Pretrial Deadlines (Doc. No. 2).  That omission, alone, would justify this court's denial of the Motion.  See

Sacerdote, 9 F.4th at 115.  However, even analyzing the Motion solely under the more permissive standards of Rule 15, the court concludes that leave to amend must be denied.

First, the court finds that plaintiff has engaged in undue delay in filing this Motion to Amend.  As the defendants correctly note, the Motion was filed over three years after the deadline to amend the pleadings, see Order on Pretrial Deadlines; over one year after plaintiff retained Attorney Johnson, his current counsel, see Notice of Appearance (Doc. No. 44); and six months after the discovery deadline, see Order (Doc. No. 114). The plaintiff has proffered no explanation as to why he waited to move to amend months after the aforementioned dates and deadlines and shortly after the defendants filed their Motion for Summary Judgment.  The plaintiff has had well over one year to add these extensive new factual allegations and to revise his causes of action.

The court notes that mere delay, by itself, generally does not constitute sufficient reason for a court to deny leave to amend under the more permissive Rule 15.  See State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981).  However, a district court "has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties[.]"  Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) (quoting Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990)). Moreover, a district court may also deny leave to amend where "the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery[.]"  Id. (citing Ansam Assocs. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985)).

Here, the plaintiff has not only unduly delayed moving to amend his Complaint, but he has also failed to provide any explanation for the delay.  The Motion would likely delay the course of these proceedings by reopening discovery and requiring the defendants to conduct new depositions and incur substantial additional litigation costs.  It would also likely require the defendants to file new summary judgment motions.  Moreover, granting the Motion would undoubtedly cause the defendants to suffer undue prejudice.  Relevant factors in determining undue prejudice include:

> [W]hether the opposing party would be required to expend significant additional resources to conduct discovery and prepare for trial, whether the amendment will significantly delay resolution of the dispute, whether the opposing party was on notice of the new claim, and whether the new claim derives from the same facts set forth in the original pleading.

Censor v. ASC Techs. of Conn., LLC, 900 F. Supp. 2d 181, 208 (D. Conn. 2012).  Here, these factors plainly militate against granting plaintiff's Motion to Amend.  The plaintiff seeks to add extensive new factual allegations, see Proposed Am. Compl., which, as discussed above, would almost certainly require discovery to be reopened to give the defendants the opportunity to address the voluminous new allegations.  The defendants would likely need to expend significant additional time and resources to conduct this discovery and would almost certainly need to file new summary judgment briefing, which would further delay this nearly four-year-old case.  Indeed, courts have traditionally "denied leave to amend as unduly prejudicial where a party requests amendment after discovery has ended or the nonmoving party has filed for summary judgment."  See Censor, 900 F. Supp. 2d at 208.

The plaintiff could have easily moved to add his proposed amendments—including the new factual allegations—when discovery was still open, or at least before defendants' Motion for Summary Judgment was filed.  Instead, the plaintiff chose to wait

4

until after discovery concluded and the defendants filed their Motion for Summary Judgment. Permitting this amendment would therefore prejudice the defendants for no justifiable reason. In sum, because the plaintiff has made this Motion with inordinate delay and no satisfactory explanation for said delay, and because the Motion would waste time, further delay the proceedings, and cause undue prejudice to the defendants, it cannot be granted.

Although the court concludes that undue delay and undue prejudice to the defendants warrant denial of the Motion, it must also note that the record suggests potential bad faith. "[A] finding that a party is seeking leave to amend solely to gain a tactical advantage supports a finding that such an amendment is made in bad faith." Franco v. Diaz, 51 F. Supp. 3d 235, 245 (E.D.N.Y. 2014). As noted above, the plaintiff waited to add new, extensive factual allegations until after the defendants filed their Motion for Summary Judgment. Even more concerningly, the plaintiff's proposed Amended Complaint contains revisions that (1) appear to have been made directly in response to defendants' Motion for Summary Judgment and (2) were not brought to this court's attention in plaintiff's Motion to Amend or his accompanying Memorandum. The plaintiff's current, operative Complaint describes the defendant officers as "acting in their official capacities", see Am. Compl. at ¶ 6, and it does not allege that plaintiff is suing the defendants in their individual capacities. The defendants' Motion for Summary Judgment, in turn, argues that plaintiff's Section 1983 claims are legally insufficient because plaintiff appears to sue the officers in their official capacities. See Defendants' Memorandum of Law in Support of Motion for Summary Judgment, at 2-4 (Doc. No. 132-1). In an apparent attempt to moot this argument, the plaintiff's proposed

Amended Complaint (1) removes the allegation that the defendant officers were "acting in their official capacities" and (2) adds language that "[t]he Defendants . . . are all being sued in their individual capacity."  See Proposed Am. Compl. at ¶¶ 4, 7.  Both the Motion to Amend itself and the accompanying Memorandum fail to note these revisions.  Rather, the plaintiff states that the Motion to Amend is merely to "add factual allegations to [one] count" and (2) "[t]o delete [another] count".[1]  See Mot. to Amend at 1.  Such conduct causes this court to strongly question whether the Motion was, indeed, made in good faith.  The court hopes the omission was merely an oversight.  Regardless, the court believes the questionable conduct by plaintiff constitutes yet another reason to deny the Motion to Amend.

For the reasons stated above, the plaintiff's Fourth Motion to Amend (Doc. No. 133) is denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 6th day of March 2024.

                                                /s/ Janet C. Hall
                                                Janet C. Hall
                                                United States District Judge

---

[1] The plaintiff does note the proposed revisions in his Opposition to defendants' Motion for Summary Judgment, which was filed approximately two weeks after the Motion to Amend.  See Plaintiff's Reply to Defendants' Motion for Summary Judgment, at 3-5 (Doc. No. 136).