### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIJANA CORNELIUS, | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:20-CV-01047 (JCH) |
| v. | : | |
| | : | |
| JOSE LUNA, | : | |
| RONALD PRESSLEY, | : | |
| CLAYTON HOWZE, and | : | |
| NIKKI CURRY, | : | |
| Defendants. | : | SEPTEMBER 9, 2024 |

### RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION (DOC. NO. 147)

### I.    INTRODUCTION

Plaintiff Kijana Cornelius ("Mr. Cornelius") brings this action against defendants Jose Luna ("Officer Luna"), Ronald Pressley ("Officer Pressley"), Clayton Howze ("Officer Howze"), and Nikki Curry ("Officer Curry") under Section 1983 of title 42 of the United States Code and Connecticut state law.  See Second Amended Complaint ("Second Am. Compl.") (Doc. No. 65).  Mr. Cornelius alleges that the defendants, all of whom are law enforcement officers of the New Haven Police Department ("NHPD"), used excessive force against him.  See id.

Before this court is the defendants' Motion for Reconsideration of the Court's prior summary judgment Ruling.  See Defendants' Motion for Reconsideration ("Def.'s Mot.") (Doc. No. 147), see Ruling on Defendants Motion for Summary Judgment ("Ruling") (Doc. No. 142).  Mr. Cornelius opposes the Motion.  See Plaintiff's Reply to Defendants' Motion for Reconsideration ("Pl.'s Opp.") (Doc. No. 156).  For the reasons set forth below, the Motion is denied.

## II.    BACKGROUND

Because the court is ruling on a Motion to Reconsider, the court assumes the familiarity with the facts and procedural history of the case and incorporates those sections of its Ruling.  <u>See</u> Ruling at 2-6.

Following the court's Ruling, the defendants filed the present Motion for Reconsideration on July 23, 2024.  <u>See</u> Def.'s Mot., <u>see also</u> Memorandum of Law in Support of Motion for Reconsideration ("Def.'s Mem.") (Doc. No. 147-1).  On August 13, 2024, the plaintiff filed his opposition.  <u>See</u> Pl.'s Opp.  On September 6, 2024, the defendants filed a Reply.  <u>See</u> Reply to Objection to Motion for Reconsideration (Def.'s Reply) (Doc. No. 159).

## III.    LEGAL STANDARD

"A motion for reconsideration is committed to the sound discretion of the court." <u>Kregos v. Latest Line, Inc.</u>, 951 F. Supp. 24, 26 (D. Conn. 1996).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995); <u>see also</u> D. Conn. L. Civ. R. 7(c) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions.  Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order.").

"The major grounds justifying reconsideration are an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice.'" <u>Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d

1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal

Practice & Procedure § 4478 at 790). A motion for reconsideration generally does not

allow the moving party to revisit arguments that have already been presented before the

court. <u>Shrader</u>, 70 F.3d at 257. A motion for reconsideration "is not a vehicle for

relitigating old issues, presenting the case under new theories, securing a rehearing on

the merits, or otherwise taking a second bite at the apple." <u>Analytical Surveys, Inc. v.</u>

<u>Tonga Partners</u>, 684 F.3d 36, 52 (2d Cir. 2012) (quotation marks omitted).

## IV.    DISCUSSION

### A.    <u>Official or Individual Capacities</u>

The defendants argue that the court overlooked the Supreme Court's holdings in

<u>Hafer v. Melo</u> and <u>Will v. Michigan Dept. of State Police</u> in determining whether the

plaintiff's claims were against the defendants in their official or individual capacities.

<u>See</u> <u>Hafer v. Melo</u>, 502 U.S. 21 (1991); <u>Will v. Michigan Dep't of State Police</u>, 491 U.S.

58 (1989). The defendants argue that, because the Amended Complaint alleges the

officers were "acting in their official capacities," <u>see</u> Am. Compl. at ¶ 6, it is not

ambiguous about whether the plaintiff's claims are against officers in their official

capacities. The defendants quote <u>Hafer v. Melo</u> to say that "the phrase 'acting in their

official capacities' is best understood as a reference to the capacity in which the state

officer is sued, not the capacity in which the officer inflicts the alleged injury." 502 U.S.

at 26.

The defendants are quoting <u>Hafer</u> out of context. In context, the passage reads:

"Summarizing our holding [in <u>Will</u>], we said: '[N]either a State nor its
officials <u>acting in their official capacities</u> are 'persons' under § 1983.' *Ibid.*

> Hafer relies on this recapitulation for the proposition that she may not be
> held personally liable under § 1983 for discharging respondents because
> she 'act [ed]' in her official capacity as auditor general of Pennsylvania. Of
> course, the claims considered in <u>Will</u> were official-capacity claims; the
> phrase '<u>acting in their official capacities</u>' is best understood as a reference
> to the capacity in which the state officer is sued, not the capacity in which
> the officer inflicts the alleged injury. To the extent that <u>Will</u> allows the
> construction Hafer suggests, however, we now eliminate that ambiguity
> (emphasis added)."

<u>Id.</u> at 26-27.  The passage above indicates that the Supreme Court's interpretation of
the phrase "acting in their official capacities" is a clarification on the phrase's meaning
as it appears in the <u>Will</u> opinion.  In other words, <u>Hafer</u> clarifies <u>Will</u> to hold that "neither
a State nor its officials" <u>sued</u> in their official capacities "are 'persons' under § 1983".  <u>Id.</u>
However, neither <u>Will</u>, nor the above language in <u>Hafer</u>, stand for the proposition that
every time that the phrase "acting in their official capacities" appears in a complaint, it
turns the claims into official-capacity claims.  Indeed, the court's holding in <u>Hafer</u> makes
clear that "[s]tate officers may be held personally liable for damages under [section]
1983 based upon actions taken in their official capacities."  <u>Id.</u> at 21.

Thus, the court did not overlook <u>Hafer</u> or <u>Will</u> and was correct to analyze the
course of proceedings to determine that the defendants were sued in their individual
capacities.  <u>See</u> <u>Rodriguez v. Phillips</u>, 66 F.3d 470, 482 (2d Cir. 1995) ("Where . . . doubt
may exist as to whether an official is sued personally, in his official capacity or in both
capacities, the course of proceedings ordinarily resolves the nature of the liability sought to
be imposed.").  Thus, the Motion to Reconsider on this ground is denied.

B.    Whether Resistance was "Active" or "Passive"

Defendants also argue that the court overlooked law which says resistance need
not be "active" in the context of excessive force claims.  Def.'s Mem. at 3-5.  In other

words, the defendants argue that "passive" resistance on the part of the plaintiff is sufficient to render the officers' use of force reasonable.

The defendants do not cite any controlling law which the court overlooked. Further, while the court's Ruling did use the phrase "active resistance," perhaps inartfully, the court's decision did not turn on whether resistance was "active" or "passive". The court concluded that there are genuine issues of material fact as to whether Mr. Cornelius was resisting, both before he was taken down and before he was allegedly lifted up by the handcuffs. See Ruling at 13, 15. In both cases, the court could just as easily have said that there are genuine issues of material fact about whether Mr. Cornelius's actions amounted to any kind of resistance at all.

The Second Circuit has said that following it's 2010 decision in Tracy v. Freshwater, 623 F.3d 90 (2d Cir. 2010), "it was clearly established that an officer's significant use of force against an arrestee who was no longer resisting and who posed no threat to the safety of officers or others—whether such force was by pepper spray, taser, or any other similar use of significant force—violates the Fourth Amendment." Jones v. Treubig, 963 F.3d 214, 226 (2d Cir. 2020). Because there are genuine issues of material fact over whether Mr. Cornelius was resisting, summary judgment on these grounds is inappropriate. Accordingly, reconsideration on this ground is denied.

C.     Qualified Immunity

The defendants argue that the court overlooked existing law which states it is an objectively reasonable use of force to take a person to the ground when they ignore the verbal commands of an officer. See Def.'s Mem. at 5-6. The defendants have previously made this argument and cite no new cases. See Defendants' Memorandum

5

of Law in Support of Motion for Summary Judgment ("Def.'s MSJ Mem.") (Doc. No. 132-1) at 11-18.

In its Ruling, the court rejected this argument because it found that there are genuine issues of material fact about whether Mr. Cornelius was resisting or otherwise complying with the officers' commands.  <u>See</u> Ruling at 13-14.  Those genuine issues of fact remain.  Because this argument for reconsideration is premised on Mr. Cornelius resistance, which is in dispute, reconsideration on these grounds is inappropriate.

The defendants further argue that this court analyzed controlling law at too high a level of generality, and that there are no cases "that clearly establish taking a person to the ground after failing to comply with multiple verbal commands is objectively unreasonable."  <u>See</u> Def.'s Mem. at 7-8.  The defendants are retreading the same ground.

Because Mr. Cornelius's resistance is in genuine dispute, qualified immunity is inappropriate at the summary judgment stage.  Accordingly, the Motion for Reconsideration is denied on these grounds.

D.    <u>Governmental Immunity</u>

Lastly, the defendants argue that the court overlooked controlling Connecticut law that bars the "identifiable person-imminent harm" exception to discretionary governmental immunity when the plaintiff did not explicitly include it his pleadings. Def.'s Mem. at 8-12.  Specifically, the defendants argue the court overlooked the Connecticut Supreme Court's decision in <u>Haynes v. City of Middletown</u> 314 Conn. 303, (2014), and the Connecticut Appellate Court's decision in <u>Lewis v. Town of Newtown</u>, 191 Conn. App. 213, 228 (2019).

The court has already addressed this argument and found <u>Haynes</u> distinguishable.  <u>See</u> Ruling at 22-25.  The court sees nothing in <u>Lewis</u> to alter its conclusion.  In <u>Lewis,</u> the Appellate Court of Connecticut found that the plaintiffs' complaint lacked any allegations that the defendants' acts or omissions were discretionary.  <u>Lewis v. Town of Newtown</u>, 191 Conn. App. 213, 228 (2019).  Therefore, because the identifiable person imminent harm exception "applies only to discretionary act immunity", the court concluded that the exception did not apply. <u>Id.</u>

In the present case, the court has concluded that the officers were engaged in discretionary acts, <u>see</u> Ruling at 24, and that Mr. Cornelius has alleged facts in his Amended Complaint that underly the exception.  <u>Id.</u>  Accordingly, the court does not see a basis in <u>Lewis</u> to alter its conclusion.  The defendants Motion for Reconsideration is denied on these grounds.

## V.    CONCLUSION

Because the defendants have failed to state adequate grounds for the court to reconsider its prior Ruling, the defendants' Motion for Reconsideration (Doc. No. 147) is denied.


**SO ORDERED.**

Dated at New Haven, Connecticut this 9th day of September 2024.


       /s/ Janet C. Hall
Janet C. Hall
United States District Judge